```
                   UNITED STATES DISTRICT COURT
                             FOR THE
                      DISTRICT OF VERMONT
```

The Insurance Company         :
of the State of               :
Pennsylvania,                 :
    Plaintiff,                :
                              :     No. 2:06-CV-195
    v.                        :
                              :
Kerrie A. Johnson,            :
Administrator of the          :
Estate of Michael W.          :
Johnson,                      :
    Defendant.                :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION
(Papers 51 & 52)

On June 15, 2003, while on duty, Vermont State Trooper Michael Johnson was killed in an automobile collision with an underinsured motorist, Erik Daley.  Daley's insurance paid its limit of $25,000 to Johnson's Estate.  The State of Vermont was self-insured with respect to underinsured motorist coverage for its employees for up to $250,000, which it has tendered to the Estate.  Kerrie Johnson, as Administrator of her husband's Estate, alleges that recoverable damages in this case exceed $275,000, the amount paid/tendered thus far.  On June 15, 2003, Vermont had two excess liability ("umbrella") policies with Insurance

Company of the State of Pennsylvania ("ICSOP") that did not expressly provide underinsured motorist coverage.  Johnson claims that under 23 V.S.A. § 941 the umbrella policies are required to provide underinsured motorist coverage to the State and its employees.  Therefore, Johnson claims that the Estate should be entitled to collect benefits from ICSOP under the required underinsured motorist coverage.  ICSOP claims that § 941 does not apply to umbrella policies, and therefore it has no obligation to pay benefits to the Estate.  ICSOP seeks a declaratory judgment that it is not liable under the umbrella policies it issued.  Both parties have moved for summary judgment.

There are two controlling issues in this case.  The first issue is whether 23 V.S.A. § 941, Vermont's uninsured/underinsured motorist statute, applies to umbrella policies.  The ICSOP policies themselves do not contain underinsured motorist coverage.  Therefore, if § 941 does not apply to umbrella policies, ICSOP has no obligation here.  The second issue is if § 941 does apply to umbrella policies, whether the State waived underinsured motorist coverage under the policies.

23 V.S.A § 941(a) states:

No policy insuring against liability arising out of the ownership, maintenance or use of any motor vehicle may be delivered or issued for delivery in this state with respect to any motor vehicle registered or principally garaged in this state unless coverage is provided therein, or supplemental thereto, for the protection of persons insured thereunder who are legally entitled to recover damages, from owners or operators of uninsured, underinsured or hit-and-run motor vehicles, for bodily injury, sickness or disease, including death, and for property damages resulting from the ownership, maintenance or use of such uninsured, underinsured or hit-and-run motor vehicle.

While the Vermont Supreme Court has not decided the applicability of § 941 to umbrella policies, many other states with similar statutes have addressed the issue. The majority of states have interpreted their uninsured/underinsured motorist statutes not to apply to umbrella policies. See e.g. Schmitt v. American Family Mut. Ins. Co., 161 F.3d 1115, 1116-17 (7th Cir. 1998) (applying Indiana law); Kromer v. Reliance Insurance Co., 677 A.2d 1224, 1231 (Pa. Super. Ct. 1996); Popham v. State Farm Mut. Ins. Co., 634 A.2d 28, 36 (Md. 1993); Mass v. United States Fidelity & Guar. Co., 610 A.2d 1185, 1190 (Conn. 1992); United Servs. Auto. Assoc. v. Wilkinson, 569 A.2d 749, 754 (N.H. 1989); MacKenzie v. Empire Ins. Cos., 782 P.2d 1063,

1065-66 (Wash. 1989); O'Hanlon v. Hartford Acc. & Indem. Co., 639 F.2d 1019, 1027 (3d Cir. 1981) (applying Delaware law); Trinity Univ. Ins. Co. v. Metzger, 360 So. 2d 960, 962 (Ala. 1978).  However, a minority of states have interpreted similar statutes to require umbrella policies to provide uninsured/underinsured motorist coverage.  See e.g. Estate of Delmue v. Allstate Ins. Co., 936 P.2d 326, 328 (Nev. 1997); American Economy Ins. Co. v. Canamore, 834 P.2d 542, 544 (Or. App. 1992); Bartee v. R.T.C. Transp., 781 P.2d 1084, 1096 (Kan. 1989); Duriak v. Globe Am. Cas. Co., 502 N.E.2d 620, 622-23 (Ohio 1986); Southern Am. Ins. v. Dobson, 441 So.2d 1185, 1191 (La. 1983) (on rehearing); Chicago Ins. Co. v. Dominguez, 420 So. 2d 882, 883 (Fla. Dist. Ct. App. 1982); St. Paul Fire & Marine Ins. Co. v. Goza, 224 S.E.2d 429, 431 (Ga. App. 1976).

   Vermont procedure allows for the federal certification of questions of state law directly to the Vermont Supreme Court.  Vt. R. App. P. 14(a).  The interpretation of 23 V.S.A. § 941 is a purely state law question.  Local Rule 83.13 allows the Court to certify to the highest court in the state an unsettled and significant question of state law which controls the outcome of a case.  As the Vermont

Supreme Court has not addressed the applicability of § 941 to umbrella policies, it is an unsettled question.  The issue is significant because of its impact on the scope of coverage provided by all umbrella policies issued in the state.  The issue is outcome determinative because the parties agree that ICSOP has no obligation unless § 941 applies to umbrella policies.  It would not be necessary to decide the waiver issue if § 941 does not apply to umbrella policies.  Therefore, I recommend that the Court certify the question to the Vermont Supreme Court and the motions for summary judgment be stayed.  A proposed certification is attached.

Dated at Burlington, in the District of Vermont, this 3rd day of January, 2008.

/s/ Jerome J. Niedermeier
Jerome J. Niedermeier
United States Magistrate Judge

Any party may object to this Report and Recommendation within 10 days after service by filing with the clerk of the court and serving on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  Failure to file objections within the specified time waives the right to appeal the District Court's order. See Local Rules 72.1, 72.3, 73.1; 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b), 6(a) and 6(e).