UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

| | | |
|---|---|---|
| THE INSURANCE COMPANY OF THE STATE OF PENNSYLVANIA | : : : | |
| Plaintiff, | : : : | Case no. 2:06-cv-195 |
| v. | : : | |
| KERRY A. JOHNSON, ADMINISTRATOR, OF THE ESTATE OF MICHAEL W. JOHNSON | : : : : | |
| Defendant. | : | |

## ORDER

The Report and Recommendation of the United States Magistrate Judge was filed February 7, 2011. Plaintiff filed objections on February 25, 2011 and Defendant filed a response to the Plaintiff's objections on March 22, 2011.

A district judge must make a de novo determination of those portions of the report or recommendation to which objection is made. 28 U.S.C. § 636(b)(1); *Cullen v. United States*, 194 F.3d 401, 405 (2d Cir. 1999). The district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1); *accord Cullen*, 194 F.3d at 405.

After careful review of the file, the Magistrate Judge's Report and Recommendation and the objections and response to the

objections, the Court **adopts** the Magistrate Judge's recommendations as set forth below.

This declaratory judgment action involves a dispute between the Estate of Michael W. Johnson, a Vermont State Police Sergeant killed in the line of duty by an underinsured motorist, and the Insurance Company of the State of Pennsylvania ("ICSOP"), a commercial insurer with whom the State of Vermont ("the State") carried two excess liability policies at the time of Sgt. Johnson's death.  The parties seek a declaration of ICSOP's obligation, if any, to provide underinsured motorist (UIM) benefits to the Estate and have cross-moved for summary judgment. In the Report and Recommendation of February 7, 2011, Magistrate Judge Conroy recommended that ICSOP's motion for summary judgment as it relates to policy no. 4202-3938[1] be **denied** and that Johnson's motion for summary judgment as it relates to the same policy be **granted**.

The Court has reviewed ICSOP's objections to the Report and Recommendation, ECF No. 128, and finds that they are without merit.  In particular, the Court notes that ICSOP's primary objection – that the Report and Recommendation "mistakenly

---

[1] Initially, Johnson's Administrator sought a declaration with regard to both excess liability policies.  She has since refined her argument, however, and now contends that only ICSOP policy no. 4202-3938, which provides for $10 million in coverage, applies to Johnson"s claim for UIM benefits.

imposes an 'offer-and-waiver' statutory scheme" for [UIM] coverage" under Vt. Stat. Ann. tit. 23, § 941[2] – is at odds with the Vermont Supreme Court's construction of the statute.  In *Lecours v. Nationwide Mut. Ins. Co.*, the Vermont Supreme Court found that, where a dispute arises as to whether or not an insured "directed" an insurer to provide UIM coverage with limits other than the limits of liability coverage, the insurer bears the "burden . . . [of] show[ing] that *the option of lowering UM coverage was presented* to the insured, and that the insured's decision was informed and voluntary." 657 A.2d 177, 179 (Vt. 1995) (emphasis added).  Because the undisputed facts demonstrate that State of Vermont and its agents were never presented with the option of lowering the limits of UIM coverage, as a matter of law, the State cannot have been found to have directed lower limits for its UIM coverage.  Rather, ICSOP was required to provide UIM coverage with limits equal to the limits of excess liability coverage purchased by the state under the policy.

The Court hereby accepts the recommendations of the Magistrate Judge in whole.

---

[2] Vt. Stat. Ann. tit. 23, § 941(c) provides: "Unless the policyholder otherwise directs, [UIM] coverage [limits] . . . for new or renewed policies shall be identical to those provided in the policy selected by the person obtaining said policy but shall not be less than the minimum limits of coverage required under the provisions of section 801 of this title."

Dated at Burlington, in the District of Vermont, this 30th day of March, 2011.

/s/ William K. Sessions III
William K. Sessions III
U.S. District Court Judge
